## ROTH et al. v. MUSICRAFT RECORDS, Inc.

District Court, S. D. New York.

April 2, 1942.

Goodell, Hoffman & Spark, of New York City (Louis B. Applebaum and Eli M. Spark, both of New York City, of counsel), for plaintiffs.

Shlivek & Brin, of New York City (Max Shlivek, of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Plaintiffs sue to enjoin infringement of patent 2,238,451, for a phonograph disc record holder. The issues are whether the patent was legally issued, and if so, whether it was infringed.

There is no question in my mind but that the defendant has infringed the plaintiffs' patent. It is conceded by it that it has sold the accused article in substantial quantities subsequent to the date of issue of plaintiffs' patent to the receipt of notice of infringement and to the commencement of this action, and that at the time of the trial, it was continuing its manufacture and sale of the accused article. The other question, however, I think is fatal, to the plaintiffs' case. Their claims to patentability are—(1) the pasting of paper or other material over the wood and the wire ends for the purpose of retaining the wire elements, (2) the elimination of a frame in which the disc-holder may be set, and (3) that the patented article lends itself more conveniently and cheaply to packing and shipping. These claims are nothing more than a mechanical addition to the prior art, a mere exercise of the skill of the calling and do not reveal "the flash of creative genius" apparently so essential to justify a private monopolistic grant. There is a clear lack of invention.

Accordingly the complaint must be dismissed upon the merits, with costs. The defendant may present proposed findings upon three days' notice to the plaintiffs' attorneys, who may within three days present such objections as they may have to such findings.